ZACHARY, Judge.
 

 *81
 
 Defendant was charged with altering, stealing, or destroying criminal evidence, based upon his alleged theft of money obtained from the controlled sale of illegal drugs. Because the money in question was not evidence as defined by statute, the trial court erred in denying defendant's motion to dismiss the charge of altering, stealing, or destroying criminal evidence.
 

 I. Factual and Procedural Background
 

 On 12 September 2012, Detective Joshua Porter (Det. Porter), an employee of the narcotics division of the Jacksonville Police Department and the United States Drug Enforcement Administration task force (DEA), learned of Dittrell Dove (defendant) from the Kansas field office of the DEA. Defendant had been stopped by the Kansas Highway Patrol with a large amount of marijuana in his vehicle, bound for Jacksonville, North Carolina. Defendant was willing to cooperate with
 
 *82
 
 law enforcement by delivering the drugs to their intended recipient, a Mr. Thompson of Jacksonville.
 

 Det. Porter and the narcotics division formulated a plan to facilitate defendant's delivery of the drugs. Defendant would be flown to Jacksonville with 14 pounds of marijuana and taken into custody by Det. Porter, and would then drive in a rented vehicle with the drugs to a designated location for the sale of the drugs, at which point law enforcement would arrest Thompson. After the arrest, defendant would surrender the money received for the drugs to the Jacksonville Police Department.
 

 Shortly before midnight on 24 September 2012, and during the early morning hours of 25 September 2012, defendant and Thompson agreed on a meeting place. Pursuant to plan, defendant wore a recording device. Defendant drove the rented vehicle to the meeting place, with law enforcement following directly behind. After meeting with Thompson, defendant drove to Thompson's residence to complete the transaction. Defendant then contacted Det. Porter to confirm that the deal was concluded, and that defendant had the money. Defendant met Det. Porter in person and informed him that Thompson had paid defendant $20,000, and owed him $10,000 more. Defendant gave Det. Porter a shopping bag filled with currency. Det. Porter then searched defendant, and found currency "stuffed up his coat sleeves, in his pockets, like, down his pants...." There was money "all over his vehicle" and "money stuffed in some of his luggage ... There was just money everywhere, including on his person." The shopping bag contained $19,120, and $4,608 was found on defendant's person and in his vehicle. Defendant told Det. Porter that he had children, and admitted to stealing the money. Defendant was arrested and charged with stealing evidence pursuant to N.C. Gen.Stat. § 14-221.1 ; upon his being booked into jail, another $1,000 was found on his person by jail staff. Defendant was tried at the 8 June 2015 session of Onslow County Superior Court. At the close of State's evidence, defendant moved to dismiss the charges. Defendant presented no evidence.
 

 The jury found defendant guilty of altering, stealing, or destroying criminal evidence. The trial court found defendant to have a prior felony record level III, and sentenced defendant in the presumptive range to 6-17 months' imprisonment. The trial court then suspended this sentence, and ordered defendant to be placed on supervised probation for 60 months.
 

 This Court granted defendant's petition for writ of certiorari to review this case.
 

 *83
 

 II. Standard of Review
 

 "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo.
 
 "
 
 State v. Smith,
 

 186 N.C.App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007).
 

 *200
 
 " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' "
 
 State v. Fritsch,
 

 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (quoting
 
 State v. Barnes,
 

 334 N.C. 67
 
 , 75,
 
 430 S.E.2d 914
 
 , 918 (1993) ),
 
 cert. denied,
 

 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed.2d 150
 
 (2000).
 

 III. Motion to Dismiss
 

 In his sole argument on appeal, defendant contends that the trial court erred in denying his motion to dismiss. We agree.
 

 Defendant was charged with stealing criminal evidence, pursuant to N.C. Gen.Stat. § 14-221.1. This statute provides, in relevant part:
 

 Any person who breaks or enters any building, structure, compartment, vehicle, file, cabinet, drawer, or any other enclosure wherein evidence relevant to any criminal offense or court proceeding is kept or stored with the purpose of altering, destroying or stealing such evidence; or any person who alters, destroys, or steals any evidence relevant to any criminal offense or court proceeding shall be punished as a Class I felon.
 

 As used in this section, the word evidence shall mean any article or document in the possession of a law-enforcement officer or officer of the General Court of Justice being retained for the purpose of being introduced in evidence or having been introduced in evidence or being preserved as evidence.
 

 N.C. Gen.Stat. § 14-221.1 (2015).
 

 The language of the statute is explicit. "[T]he word evidence shall mean any article or document in the possession of a law-enforcement officer or officer of the General Court of Justice...." Defendant was neither of these things; at most, the argument could be made that he was an agent of law-enforcement officers, but he was not one himself.
 

 Nor are we prepared to assume that this statute was intended to apply to agents of law enforcement other than those explicitly named
 
 *84
 
 in the statute. Inasmuch as the statutory language could be considered ambiguous, the rule of lenity demands that we construe such ambiguity in favor of defendant.
 

 This is not to say that defendant's actions were not criminal. It is entirely possible that defendant could have been tried for some other offense. However, at issue in this case is the offense of altering, stealing, or destroying criminal evidence, and that offense requires that the evidence at issue be "in the possession of a law-enforcement officer or officer of the General Court of Justice...." We hold that the money in question did not meet this statutory definition, that the State failed to present substantial evidence of this element of the offense, and that the trial court erred in denying defendant's motion to dismiss.
 

 REVERSED.
 

 Chief Judge McGEE and Judge DILLON concur.